**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| WUILMER JOSE CARDENAS VARGAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-CV-00204-CMS |
| | ) | |
| GARY STOLZER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Wuilmer Jose Cardenas Vargas' Petition for Writ of Habeas Corpus. (Doc. 1). Petitioner, a citizen of Venezuela, has lived in the United States for three and a half years without being lawfully admitted. (Doc. 1 at 9). He is currently detained awaiting immigration proceedings. (Doc. 1 at 9). Petitioner asks the Court to order Respondents to either release him from immigration detention or give him an individualized custody hearing, in addition to other relief. (Doc. 1 at 7, 9, 12). Because Petitioner's detention pursuant to 8 U.S.C. § 1225[1] does not violate his right to due process, the petition for a writ of habeas corpus is **DENIED**.

## BACKGROUND

### I. Factual Background[2]

Petitioner is neither a citizen nor a national of the United States but is a citizen of Venezuela. (Doc. 1 at 10). He entered the United States in January 2023 through the CBP One

---

[1] Among the relief Petitioner requests is an order requiring respondent to identify the statutory authority for Petitioner's detention. But Petitioner concedes that he is seeking admission, meaning § 1225 applies and authorizes his detention. *See Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

[2] The Court presumes that the facts alleged in the petition are true for purposes of this Order.

process and was paroled until January 2024, but he was not admitted to the United States. (Docs. 1 at 9; 2 at Ex. A, Ex. J). Petitioner was released from immigration detention under the conditions of form I-220A in February 2023 and has lived in the United States ever since. (Doc. 2 at Ex. A). Petitioner has a pending asylum application. (Doc. 2 at Ex. H). One of petitioner's conditions for release on his own recognizance was that he "not violate any local, State, or Federal laws or ordinances." (Doc. 2 at Ex. A).

After Petitioner was stopped for committing a traffic violation, Immigration and Customs Enforcement (ICE) detained him on August 16, 2026. He is now in custody at the Ste. Genevieve County Detention Center awaiting immigration proceedings. (Doc. 1 at 9). Petitioner is charged with being "subject to removal [because he is]… an immigrant…not in possession of a valid immigrant visa…and a valid unexpired passport…as required." (Doc. 2 at 14). Petitioner does not contest that he violated traffic laws and he has since paid his traffic ticket. (Docs. 1 at 9; 2 at Ex. K). Respondent Stolzer, Sheriff of Ste. Genevieve County, is a government official overseeing Petitioner's detention. (Doc. 1 at 1).

## II. Procedural Background

Petitioner filed the instant petition for writ of habeas corpus on September 1, 2026. (Doc. 1). Petitioner argues that his detention violates his constitutional right to due process, presumably under the Fifth Amendment. Id. ¶¶ 16–24; 37–43, 45. He requests the Court:

> (1) promptly review this petition; (2) order respondents to identify the statutory and regulatory basis for Petitioner's present detention and respond within a time set by the court; (3) order an appropriate individualized custody hearing or other constitutionally adequate custody review if warranted; (4) order release under appropriate conditions if continued detention is not lawfully justified; and (5) grant any other relief the Court deems just and proper.

(Doc. 1 at 12–13). Because it plainly appears from the face of the petition that Petitioner is not entitled to relief, the Court will deny Petitioner's application without issuing a show cause order

to Respondent. *See* 28 U.S.C. § 2243; *Perez Rodriguez v. Warden*, No. 1:26-CV-149-ZMB, 2026 WL 1853286, at *1 (E.D. Mo. June 26, 2026) (dismissing immigration habeas petition without issuing show cause order to respondents when it "plainly appears that [petitioner] is not entitled to relief."); *see also* Rules Governing § 2254 and § 2255 Proceedings, Rules 1(b), 4.

**DISCUSSION**

Petitioner argues that his detention "without a meaningful individualized custody determination" is unlawful under the Constitution. (Doc. 2 at 1). Presumably, Petitioner is referring to the Fifth Amendment's Due Process clause when he refers to "constitutionally adequate procedures." (Doc. 2 at 2). This Court already has analyzed this claim and concluded that mandatory detention under 8 U.S.C. § 1225 does not violate due process. *See, e.g., Negrete Ramirez v. Noem*, No. 1:25-CV-206-CMS, 2026 WL 251725, at *4–5 (E.D. Mo. Jan. 30, 2026); *Zhuang v. Bondi*, No. 1:25-CV-201-CMS, 2026 WL 352872, at *5 (E.D. Mo. Feb. 9, 2026); *Hanslick Moran v. Warden*, No. 1:26-CV-83-CMS, 2026 WL 1693766, at *1–2 (E.D. Mo. June 11, 2026) (finding that mandatory detention did not violate the due process rights of a petitioner with an asylum claim). Thus, it plainly appears from the face of the petition that Respondent has not denied Petitioner due process by detaining him without an individualized determination pending removal proceedings.

**CONCLUSION**

Petitioner Wuilmer Jose Cardenas Vargas' detention does not violate the Due Process Clause of the Fifth Amendment. He is lawfully detained pending removal proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for a writ of habeas corpus (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Emergency Motion to Stay Transfer (Doc. 3) is **DENIED** as moot.

**IT IS FINALLY ORDERED** that Petitioner's Motion to Expedite Consideration of Petition for Writ of Habeas Corpus (Doc. 4) is also **DENIED** as moot.

The Clerk of Court is directed to mail a copy of this order to Petitioner.

Dated this 17th day of September 2026.

**CRISTIAN M. STEVENS**
**UNITED STATES DISTRICT JUDGE**